————o————

JAMES SLAUGHTER <i>v.</i> TIMOTHY SLAUGHTER.

<i>Guardian Bond—Payment of Distributive Share—Limitation.</i>

Nothing but actual money, or what is accepted as such, is payment of a debt.

By the statute of limitations a lapse of three years after a minor comes of age is a complete bar to an action on a guardian bond for a distributive share of an estate, unless there be proof of a recognition or acknowledgement of indebtedness by the guardian within three years from the time of bringing suit.

(<i>Kent, April, 1887.</i>)

DEBT ON A GUARDIAN bond as guardian of the plaintiff then a minor. The bond dated June 6, 1861, penalty eight hundred dollars. Plea, statute of limitations.

The plaintiff came of age in 1877, and relied on an admission of the debt appearing on defendant's last account passed as guardian, and on file in the Register of Wills office, showing an amount due the plaintiff of one hundred and seventy-four dollars. The action was brought to the October term 1885.

James Slaughter, plaintiff, testified: The defendant admitted that he owed the debt to me in 1884 in the Register's office, and said that he expected to pay it and that he had paid all my brothers before that time.

Nathaniel Slaughter, brother of the plaintiff, who was present in the Register of Wills office, substantially corroborated the state- of the plaintiff as to what his uncle said to him at that time.

Timothy Slaughter, the defendant, remembered the meeting here in the Register of Wills office in August, 1884, referred to by the preceding witness. He then told the plaintiff that it had been paid and settled long ago, and that he would not pay it.

J. Frank Wilds testified: I was Register at the time and present in the office on the occasion referred to, and heard the de- fendant say to the plaintiff, that he had been paid, and that he did not owe it, and would not pay it. That his mother had bought at his administrators sale of his father's goods over fifteen hundred dollars worth and had never paid him for it, and that his brothers had all settled with him and released their claim against him in consideration of that fact.

*C. H. B. Day,* for the plaintiff, cited, 1 Harr., 204; 1 Salk., 28; Peak's N. P., 92; *Black's Ex'rs v. Reybold,* 8 Conn., 179.

*James L. Wolcott,* for the defendant, cited : 1 Peake, 351; 1 Houst., 260; 1 Houst., 441; 2 Greenl. Ev., Sec. 240; 3 Pars. on Cont., 68; 15 John's, 519; 14 Pick., 390; Part 1, Vol. 2, Smith Lead Ca., 867.

*Day* for the plaintiff in reply : There was a debt in this case at the time of the admission of it by the defendant, and we shall contend that the proof is that the admission of it as a subsisting debt at that time was unconditional and unqualified.

COMEGYS, C. J., charging the jury :

This is an action of debt on a guardian bond given in the Orphan's Court of this county on the sixth day of June, 1861, upon the appointment of the defendant as the guardian of the plaintiff, then a minor about six years and eight months old. The defendant was the administrator of the father of the plaintiff, and on the fifth day of February, 1866, passed a distributive account of

his administration, showing the share of the plaintiff to be the sum of one hundred and seventy-four dollars and sixty cents. This share carried with it interest at six per cent. from the time the account was passed. The plaintff came of age in 1875. The action on the guardian bond to recover the above sum and its interest was brought to the October Term of the year 1885, and ultimately pleaded to issue, breaches of the condition having been assigned covering the claim in controversy. The defendant's pleas, among others, are payment and the act of limitations. To the first of these (issues having been taken upon them all) the defendant offered his own testimony in its support ; alleging that he had paid the plaintiff and there was nothing due him. Upon cross examination the defendant admitted that he had not paid the plaintiff any money whatever, but said he had paid him as he had paid the rest. Being asked how he had paid the rest, he stated that he had left with their mother, property she bought at the administrator's sale to the amount of sixteen or seventeen hundred dollars, for which she had never paid him anything. No other evidence of payment was offered. The plea of payment, therefore, we feel called upon to state to you is not supported by any such proof as the law requires, and is, therefore, not to be regarded by you as in any respect defeating the plaintiff's claim. Nothing but actual money, or what is accepted as such, is payment of a debt. The case stands then solely upon the plea of the statute of limitations—in this case a perfectly good legal defence unless the defendant has deprived himself of the benefit of it by his own declarations. For although a statutory provision in the case of common claims, or lapse of time with respect to some others, may afford a party complete protection against a suit, yet he may deprive himself of the benefit of it by what is called an acknowledgment of the claim as a still subsisting demand for which he is liable. In the case before you the defendant, notwithstanding he had not actually paid the plaintiff his claim, being his share of his father's estate, yet after the expiration of three years from the time when the plaintiff came of age—which three years expired on the seventh day of October, 1878, had as complete a defence in law against the claim as if he had paid it in dollars and cents, the statute affording it.

A minor has three years after coming of age to sue his

guardian upon his bond for money due him on account of the guardianship.   No action was brought by the plaintiff within the three years; therefore his case was flatly barred by the statute, unless he could show some legal recognition of the debt afterwards, to take away, or remove the statute bar.   The whole case therefore has virtually been tried upon the issue joined on the plea of the act of limitations.

We do not propose giving you instructions as to what the law is in all cases where the aid of the statute as a defense is invoked—it being in this particular case by reason of the testimony given by the plaintiff's witnesses unnecessary, and opinions not called for by the case before the court are extrajudicial and of no authority. The point made and pressed by the defendant's counsel is, that to take a case from out the operation of the Act, that is to deprive the defendant of his defence of it on the ground of his admissions within the legal time, it must not only appear that his acknowledgment, if he made any, was unqualified, but also that it was accompanied by something which in law amounts to a promise, or recognition of liability to pay the debt sued upon.   It is unnecessary to pass upon that point in this case, which is a debatable one, for if the witnesses of the plaintiff are to be credited, there was not only a recognition or acknowledgment of indebtedness in the Register's office in August, 1884 (about a year before the suit was brought), but a declaration that he should have to pay such indebtedness if it was demanded of him—which according to one at least of the witnesses was then and there done; but that is not material, for a suit brought, is a demand of a debt due, though such debt be payable specially on demand.   They state that the defendant admitted that he owed the money; that it had never been paid, and that he should have to pay it if demanded.   This language, if you believe it to have been uttered, satisfies the requirements of the cases and authorities cited by the defendant's counsel.

The testimony thus given, including that of the plaintiff as to the admissions of the defendant at another time, is rebutted, as to what took place in the Register's office, by the testimony of the defendant. himself and the Register; and, as to what occurred afterwards, by the plaintiff.

The whole case then depends upon the testimony of the wit-

nesses. There is a complete conflict between these for one side and the other, and you must reconcile it the best you can. If you cannot reconcile it, then give your verdict to the side upon which there is the most weight of proof—that is the side you feel the proof requires that you should support.

I will repeat, that if you find for the plaintiff he is entitled to the amount of his claim; on the other hand, if you find the defendant's defence of the act of limitations to be unshaken by the plaintiff's proof, then, you should give the defendant your verdict.

Verdict for the plaintiff.